IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY EARL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-856-RAH-JTA |
| ) | |
| 42 U.S.C. 654(3) DIVISION OF CHILD ) | |
| SUPPORT ENFORCEMENT CENTER, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e).  Plaintiff Jimmy Earl Williams, proceeding *pro* se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States.  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate, pursuant to 28 U.S.C. § 636.

For the reasons stated herein, the undersigned finds that this action is due to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H &*

*S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a

3

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

Plaintiff filed his 30-page Complaint, most of which is incomprehensible, on December 18, 2017, with six attachments. (Doc. No. 1.) Although the caption of the Complaint includes citations to the United States Code and to the Code of Federal Regulations in the identification of the defendants, it appears that Plaintiff is seeking relief from the "Division of Child Support Enforcement Customer Services," the "Montgomery County Child Support Enforcement Customer Services" and the "Elmore County Child Support Enforcement Customer Services" (collectively "the defendants") in this action. (*Id.*) Plaintiff states his Complaint "is not a complaint about paying child support" but rather a "cause of action brought based on the IV-D order [that] was obtained by fraud[,]

4

duress, misrepresentation, concealment" and other violations.  (*Id.* at 1, ¶ B.)  He alleges that "on or about 2003," the defendants "induced" him "through misrepresentations, concealment and fraud to voluntary acknowledgment [sic] paternity when he had no legal, moral duty or obligation to sign that form."  (*Id.* at ¶ 27.)  He further complains that the defendants intentionally misrepresented to him "that voluntarily signing the acknowledge [sic] of paternity form was in the best interest of [his] offspring" and that he has "no duty" to "devote any portion of his honestly acquired income for IV-D collections." (*Id.* at ¶¶ 7, 30.)

Plaintiff lists eleven counts in his complaint, including constitutional violations[1] and criminal violations.[2]  (*Id.*)  For example, it appears that Plaintiff brings § 1983 claims against the defendants for violating his Fifth Amendment and Fourteenth Amendment rights to Due Process because the defendants did not disclose to him the "legal consequences that arise as a result of voluntarily signing" the paternity form.  (*Id.* at ¶¶ 34-36.)  Plaintiff also appears to bring § 1983 claims against the defendants for violating his Fourteenth Amendment right to Equal Protection because the defendants "conspired" to provide "more adequate protection for the legal rights of the custodial parent by offering a wide range of enforcement remedies against the noncustodial parent."  (*Id.* at ¶¶ 34-36.)

---

[1] Plaintiff alleges violations of his First, Fourth, Fifth, Thirteenth and Fourteenth Amendment rights to the United States Constitution.  (*See generally* Doc. No. 1.)

[2] Plaintiff also alleges criminal conspiracy, frauds and swindles, dissemination of false advertisements, compelled use of a Social Security number and "infliction of a bill of attainder." (*See generally id.*)

For each count alleged in the Complaint, Plaintiff seeks compensatory damages in the amount of $5,000, punitive damages in the amount of $5,000, and attorney fees.  (*Id*. at ¶¶ 37, 42, 53, 60, 65, 74, 85, 94, 103, 116, 121.)  Plaintiff also requests "immediate termination of the IV-D collection cases, a full refund of ALL monies collected . . . penalties[,] interest and cost."  (*Id*. at ¶ 133.)

### III.   DISCUSSION

The court has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e).  Upon review, the court finds that Plaintiff has failed to state a claim on which relief may be granted.

The defendants are part of a state agency.  The court takes judicial notice of the website of the Alabama Department of Human Resources ("ADHR") which contains a page for its Child Support Enforcement Division ("CSED").  The DHR CSED website states: "[t]he Child Support Enforcement (CSE or IV-D) Program is a joint Federal & State effort to help families establish paternity (when necessary), obtain orders for payment of child support, and secure compliance with child support court orders."[3]  Montgomery County CSED and Elmore County CSED fall under the umbrella of the ADHR CSED.[4]

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

---

[3] *See* https://dhr.alabama.gov/child-support-enforcement-division/ (last visited June 16, 2020).

[4] *See* https://dhr.alabama.gov/county-office-contact/ (last visited June 16, 2020).

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana,* 134 U.S. 1 (1890))). The principles of sovereign immunity are also embedded in Art. I, § 14 of the Alabama Constitution, which states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. 1, § 14.

It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court . . . when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted). "Prior state and federal court decisions establish that . . . Alabama DHR [is] entitled to sovereign immunity with respect to all forms of relief asserted against [it]." *Thomas v. Buckner*, No. 2:11–CV–245–WKW, 2011 WL 4071948, at *6 (M.D. Ala. Sept. 13, 2011). *See also Hatcher v. Alabama Dep't of Human Servs., Child Support Enf't Div.,* 747 F. App'x 778, 783 (11th Cir. 2018) (finding that State of Alabama Department of Human Services, Child Support Enforcement Division is treated as an arm of the state by Alabama and thus is entitled to Eleventh Amendment immunity);

*Kid's Care, Inc. v. State of Ala. Dep't of Human Res.,* No. 01–T–453–N, 2001 WL 35827965, at *1 (M.D. Ala. June 14, 2001) (finding that the Eleventh Amendment "bars all claims against [ADHR] in federal court"); *Ex parte Ala. Dep't. of Human Res.*, 999 So. 2d 891, 896 (Ala. 2008) (holding that Alabama DHR is entitled to sovereign immunity under Alabama Constitution); *Franklin Cty. Dep't of Human Res.,* 674 So. 2d 1277, 1279 (Ala. 1996) (holding that county department of human resources is entitled to sovereign immunity under Alabama Constitution). Hence, the defendants, as arms of the state, are entitled to sovereign immunity.[5] Accordingly, Plaintiff's claims alleged against the defendants are barred and are due to be dismissed.

## IV.    CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

It is further

ORDERED that **on or before July 1, 2020**, Plaintiff may file objections to this

---

[5] Because Plaintiff asserted his claims against the defendants—and against no individual defendant in his or her official capacity—this case does not fall into the well-recognized *Ex Parte Young* exception, which allows suits against an individual for prospective injunctive relief. *See Lewis v. Governor of Ala.*, 896 F.3d 1282, 1292 (11th Cir. 2018) ("Under the longstanding doctrine enunciated in *Ex parte Young*, however, a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.") (internal citations omitted).

Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of June, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE